IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALLISON COLLINI
   *Plaintiff*,

v.

POSTMASTER EDWARD
WILLIAMSON, *et al*,
   *Defendants.*

Civil No.: ELH-21-0439

**MEMORANDUM**

On October 28, 2020, Allison Collini, the self-represented plaintiff, filed suit in the District Court for Harford County, Maryland against United States Postmaster Edward Williamson. ECF 1-3 ("Complaint"); ECF 5 (same).[1] Collini alleges that she was bitten by a dog while delivering mail on October 17, 2019. ECF 1-3 at 1. She asserts that her claim for an "on the job injury" was wrongfully denied, and she seeks damages of $2,500. *Id.*

The Complaint is accompanied by several exhibits. *See* ECF 1-3 at 3-15. These exhibits indicate that on October 21, 2019, plaintiff filed a "claim for traumatic injury" with the Department of Labor's Office of Workers' Compensation Programs ("OWCP") under the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. § 8101 *et seq*. ECF 1-3 at 3. On October 25, 2019, OWCP advised plaintiff of deficiencies in the medical documentation she submitted. *Id*. at 3-4. After plaintiff did not submit any further documentation, OWCP denied her claim on December 4, 2019. *Id*. at 9-10. Thereafter, plaintiff appealed to the Employees' Compensation Appeals Board, and she asserts that appeal was denied. *Id*. at 1, 14.

---

[1] The docket also names Darryl Martin as a defendant. The District Court for Harford County issued a writ of summons for Martin at the Fayette Street Post Office in Baltimore. ECF 1-8. There is no indication that he was served.

On February 22, 2021, the United States of America, on behalf of the defendants, removed the suit to federal court, pursuant to 28 U.S.C. §§ 1441, 1442, and 1446. ECF 1 ("Notice of Removal"). Thereafter, the United States filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1). ECF 13. The motion is supported by a memorandum of law. ECF 13-1 (collectively, the "Motion").

By Notice dated March 22, 2021 (ECF 14), plaintiff was informed of her right to respond in opposition to the Motion, due within 28 days. *Id.* at 1. Plaintiff was also informed in the Notice, as follows: "If you do not file a timely written response . . . the Court may dismiss the case or enter a judgment against you without further opportunity to present written argument." *Id.*

Plaintiff did not respond to the Motion. Therefore, on August 4, 2021, I directed plaintiff to respond to the Motion by September 3, 2021. ECF 15. Moreover, I advised plaintiff that if she did not submit a response, "I will assume that she does not oppose the motion to dismiss." *Id.* As of this date, no responsive pleading to the Motion has been filed by plaintiff. *See* Docket.

## Discussion

In the Motion, the defense asserts that this Court lacks jurisdiction because "FECA provides the sole remedy for Plaintiff's injuries . . . ." ECF 13-1 at 2. Further, the government contends that the "exclusivity provision" in 5 U.S.C. § 8116(c) "protects the United States from suit" under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 *et seq.* ECF 13-1 at 3.

As noted, plaintiff essentially seeks review of a determination regarding denial of a claim made under FECA. *See* ECF 1-3 at 1. FECA is a worker's compensation program for federal employees, including U.S. Postal Service employees. *See Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193-94 (1983); *see also* 39 U.S.C. § 1005(c) ("Officers and employees of

the Postal Service shall be covered by subchapter 1 of chapter 81 of title 5 [referring to FECA], relating to compensation for work injuries.").

Notably, FECA states that it is the "exclusive remedy for federal employees within its coverage," and there is no right to recover under any other statute. *Wallace v. United States*, 669 F.2d 947, 951 (4th Cir. 1992); *see also* 5 U.S.C. § 8116(c) ("[T]he liability of the United States…is exclusive and instead of all other liability of the United States"); *Lockheed*, 460 U.S. at 193-94. The law limits any attempt to challenge a FECA determination in court. *See* 5 U.S.C. § 8128(b) ("The action of the Secretary [of Labor] or his designee in allowing or denying a payment under this subchapter [regarding FECA] is . . . (1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a court by mandamus or otherwise."); *see also Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991) ("FECA contains an 'unambiguous and comprehensive' provision barring any judicial review of the Secretary of Labor's determination of FECA coverage." (internal citation omitted)); *Wallace*, 669 F.2d at 951 ("To insure uniformity, the Secretary of Labor's decisions on questions under FECA are not subject to judicial review by mandamus or otherwise.").

To my knowledge, the Fourth Circuit has recognized one exception. This is when the Secretary has "violated a clear statutory mandate." *Hanauer v. Reich*, 82 F.3d 1304, 1307-09 (4th Cir. 1996). However, no such violation is alleged here. *See* ECF 1-3 at 1 (plaintiff's complaint alleges "[t]he Medical [sic] failed to accurately submit a claim").

As noted, plaintiff has not contested the government's argument for dismissal. And, I agree with the government that the Court is without jurisdiction to consider plaintiff's attempt to contest a FECA determination in court. *See Hanauer*, 82 F.3d at 1309 ("If a cursory review of the merits

3

reveals that the Secretary did not violate a clear statutory mandate, the case must be dismissed for lack of subject matter jurisdiction.").

Accordingly, I shall grant the Motion. An Order follows, consistent with this Memorandum.

Date: September 10, 2021                              /s/
                                                    Ellen L. Hollander
                                                    United States District Judge